UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

    v.                               Case No.:  6:26-cr-00158-GAP-NWH

CHRISTOPHER ALEXANDER
DELGADO,

     Defendant,

                                   /

### ORDER

This cause came on for consideration without oral argument on the Government's Unopposed Motion to Transfer. Doc. 57.

In its Motion, the Government notes that a related civil asset forfeiture action involving Defendant Christopher Alexander Delgado ("Defendant") was filed on May 21, 2026, and assigned to U.S. District Judge Carlos E. Mendoza. Doc. 57, ¶ 2 (citing *United States v. Assets Identified In Paragraph One Of Verified Complaint*, No. 6:26-cv-1134-CEM-LHP, Doc. 1 (M.D. Fla. May 21, 2026) (hereinafter, the "Civil Forfeiture Case")). The Government further asserts that Defendant's criminal charges in the instant case arise out of the same set of facts as the Civil Forfeiture Case and the assets subject to forfeiture in the criminal case "substantially overlap with the assets in the civil asset forfeiture action." Doc. 57, ¶¶ 3-4.

However, the Government also concedes that, pursuant to Defendant's plea agreement, he "has executed a consent to forfeiture to be filed in the civil case…[and] [a]s a result, the [Civil Forfeiture Case] will not be stayed." *Id.*, ¶ 5. Indeed, it represents that the "real properties and vehicles named in both the criminal plea agreement and the [Civil Forfeiture Case] will be forfeited in the [Civil Forfeiture Case] in order to minimize costs and maximize recoveries." *Id.* The Government contends that third parties may assert claims to the subject property in the Civil Forfeiture Case and also in the criminal case and that having such related matters before two separate district judges could lead to inconsistent dispositions. *Id.*, ¶¶ 5-6.

The Court does not share the Government's concerns. According to its own representations, Defendant has already "executed a consent to forfeiture to be filed in the civil case" and if the property is the same in both cases, any third party will be estopped from attempting to relitigate issues that have already been resolved. The Government is present in both cases and is eminently capable of avoiding duplicative process.

Moreover, although the instant criminal case was only assigned to the undersigned on June 23, 2026, commensurate with the filing of the Government's Information, the matter was initiated on February 20, 2026—three months *before* the

Civil Forfeiture Case.[1] *See* Doc. 57, ¶ 2; *see also* Doc. 49. Ultimately, considering that the Civil Forfeiture Case appears to be on the eve of resolution contingent to Defendant's consent, and that it is the outgrowth of a criminal case which was initiated several months prior, the Court finds that there is insufficient cause to transfer this matter to another district judge.

Accordingly, it is **ORDERED** that the Government's Unopposed Motion to Transfer (Doc. 57) is hereby **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

---

[1] Indeed, on February 18, 2026, the undersigned was also assigned to a civil fraud case against Defendant brought by an alleged victim of his Ponzi scheme (which has been actively litigated). *See Prestige Florida Property Investment, LLC v. Goliath Ventures, Inc. et al*, No. 6:26-cv-392-GAP-RMN, Doc. 1 (Feb. 18, 2026).