UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:26-cr-158-GAP-NWH

CHRISTOPHER ALEXANDER DELGADO

**UNITED STATES' RENEWED MOTION FOR ALTERNATIVE VICTIM
NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America respectfully moves this Court, pursuant to 18
U.S.C. § 3771(d)(2), for authorization to employ victim notification procedures
described below in lieu of those prescribed by section 3771(a), (b), and (c), on the
grounds that the number of crime victims in this case makes it impracticable to
accord all of the crime victims the rights described in subsection 3771(a).

The Crime Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771,
provides certain rights to victims in federal criminal proceedings. Among these rights
is the right to "reasonable, accurate, and timely notice" of public court proceedings.
18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department
of Justice and other departments and agencies of the United States engaged in the
detection, investigation, and prosecution of crime make their best efforts to see that
crime victims are notified of, and accorded, the rights described in subsection
[3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the
crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime

victim as "a person directly and proximately harmed as a result of the commission of a Federal offense[.]" 18 U.S.C. § 3771(e).

Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

As described within the Information, (Doc. 49), the defendant and others using the company Goliath Ventures, Inc., operated a years-long Ponzi scheme resulting in a loss of at least $250 million to more than 1,000 known victim investors. These victim investors may have a claim for restitution and are otherwise considered crime victims under 18 U.S.C. § 3771. In addition to these known potential victims, the United States believes there may be additional victims not yet known to the United States.

## VICTIM IDENTIFICATION

The United States charged the defendant by sealed criminal complaint on February 20, 2026. (Doc. 1). When the complaint was unsealed on February 24, 2026, the United States published a case information website to coincide with the

2

complaint's unsealing, *see* https://www.justice.gov/usao-mdfl/goliath_ventures, and issued a press release which directed potential victims to the case information website for more information and to identify themselves as victims, *see* https://www.justice.gov/usao-mdfl/pr/goliath-ventures-ceo-arrested-wire-fraud-and-money-laundering. An informational website for the bankruptcy proceedings involving Goliath Ventures likewise directs victims to criminal case information website. *See* https://www.goliathventuresbk.com/#doj.

Since February, the United States and investigative agents have worked to identify victims through two methods. First, investigative personnel are thoroughly reviewing Goliath Ventures contracts and corporate documents and conducting a financial analysis of the hundreds of millions of dollars that flowed through Goliath Ventures' bank accounts and cryptocurrency wallets. Second, a questionnaire available on the case information webpage allows victims to self-identify and provide supporting information regarding their relevant transactions and interactions. To date, the United States has received more than 1,600 responses to the victim questionnaire. Investigative agents are working to vet all responses and cross-reference information provided against financial and documentary evidence to create a list of all known victims. This process is ongoing, but the United States anticipates completion by the end of July 2026.

## ALTERNATIVE NOTIFICATION PROCEDURE

The traditional victim notification procedure involves manually entering victims' contact information into the Department of Justice's Victim Notification

System (VNS). Correspondence generated within the program encourages victims to enroll in the VNS and elect to receive notifications by email. Once victims are entered into the VNS, they may obtain current information about this case on the VNS website at https://www.notify.usdoj.gov or from the VNS Call Center at 1-866-DOJ-4YOU (1-866-365-4968). Manually entering approximately 1,600 victims into the VNS is estimated to take between 60 and 80 hours.

The United States intends to enter each identified victim into the VNS. In the interim, the United States respectfully requests authorization to employ an alternative notification procedure given the ongoing work to identify victims and the need to efficiently conduct this investigation and prosecution. The United States thus seeks to use the following three-stage victim notification process:

First, the United States will continue to update and post all required notices on the case information website, https://www.justice.gov/usao-mdfl/goliath_ventures. Second, within three days of the Court authorizing this plan, the IRS will email a generic notice to all victim email addresses identified so far directing the victims to monitor the case information website for updates. Third, the United States will ensure that all identified victims are entered into the VNS, providing monthly status updates until the task is complete. The United States will continue to update the case information website and promote it in press releases to maximize outreach to victims.

Courts in the Middle District of Florida have authorized similar notification procedures in other cases. For example, in *United States v. Govoni*, the Court

authorized the use of a case information website in a case involving approximately 2,000 victims after the United States had sent out a mass mailing to identified victims informing them of the website. Case No. 8:25-cr-229-VMC-NHA (M.D. Fla.), Docs. 71, 74.[1] Likewise, in *United States v. Harris*, the Court authorized the use of a case information website in a case involving approximately 500 victims, where approximately 443 had been previously entered in the VNS. Case No. 8:25-cr-314-WFJ-NHA (M.D. Fla.), Docs. 21, 26. As in these cases, the government's proposed notification strikes an appropriate balance between notice and efficiency, especially as the United States works to identify all victims of the fraud scheme.

The United States therefore requests that the Court grant the motion for alternative victim notification procedures.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ Richard Varadan
       Richard Varadan
       Assistant United States Attorney
       Florida Bar No.: 1025743
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-mail: Richard.Varadan@usdoj.gov

---

[1] *Govoni* is distinguishable in that it involved a significant investigative period and the identification of the victims before charges were filed, allowing the government to send out notices at the outset of the case. In contrast, the identification of victims in this case is ongoing.

**U.S. v. Christopher Alexander Delgado      Case No. 6:26-cr-158-GAP-NWH**

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> */s/ Richard Varadan*
> Richard Varadan
> Assistant United States Attorney
> Florida Bar No.: 1025743
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone:   (407) 648-7500
> Facsimile:    (407) 648-7643
> E-mail: Richard.Varadan@usdoj.gov

6