UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                           **Case No.:  6:26-cr-158-GAP-NWH**

**CHRISTOPHER ALEXANDER
DELGADO**

_____

### ORDER

This matter is before the Court on the United States' Renewed Motion for Alternative Victim Notification under 18 U.S.C. § 3771(d)(2) (Doc. 70, the "Renewed Motion"). The Crime Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771, provides crime victims with a variety of rights in connection with federal criminal cases. Among those are "[t]he right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2).[1] In cases involving numerous victims, such as this case, section (d)(2) provides that "the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." § 3771(d)(2).

---

[1] The Government and the Court are independently obligated to ensure that crime victims are afforded their rights under the Act. 18 U.S.C. §§ 3771(b)(1) and (c)(1).

The Government originally moved for alternative victim notification on June 25, 2026. (Doc. 58). The Court took the motion under advisement, (*see* Doc. 60), and held a hearing on June 30, 2026. (Doc. 68). At the hearing, the Court expressed concern about the reasonableness of the Government's proposed notification procedure, which involved posting all required notices via a website (the "Notification Website") to which victims would be directed via a single press release on the Department of Justice's website. (Doc. 58 at 3).

The typical victim notification procedure, explained in part by counsel at the hearing and in the Renewed Motion, is through the Department of Justice's Victim Notification System ("VNS").[2] The VNS is an automated system that, among other things, generates and sends correspondence to victims about a case. The first notification is sent by both physical letter (if the Government has a postal address for the victim) and via email (if the Government has an email address for the victim).[3] The initial notice presumably[4] directs victims to the VNS website, which contains a portal where victims can register and login to obtain additional information and may consent to receive all future communications via email only. Information provided by the VNS can also be accessed through a call center. Before any of the VNS notifications are distributed, however, victim information must be known and manually entered into

---

[2] Information about the VNS system is available at the VNS website: www.notify.usdoj.gov/home.

[3] It is unclear whether this initial notice has been sent to victims in this case.

[4] No exemplar notice is available on the VNS website, and none have been provided to the Court.

the VNS system—a procedure that could take as many as 80 hours for the approximately 1,600 currently known victims in this case. (Doc. 70 at 4).

The Renewed Motion proposes an alternative three-part procedure. (*Id.*). First, the Government will send an email notice to all currently known victim email addresses "directing the victims to monitor the [Notification Website] for updates." (*Id.*). Second, the Government will continue to post all required notices on the Notification Website, https://www.justice.gov/usao-mdfl/goliath_ventures. Finally, the Government "intends" to enter each identified victim into the VNS system and to "ensure" that all subsequently identified victims are also entered. The Government additionally proposes to provide the Court with "monthly status updates until the task is complete." (*Id.*)

Based on the representations of the Government at the hearing and in the Renewed Motion, the Court finds that "number of crime victims makes it impracticable to accord all of the crime victims" the noticing right set forth in section 3771(a). The Government's proposed alternative notification procedure is reasonable and gives effect to the notice requirements in the Act without unduly complicating or prolonging the proceedings. It is therefore,

**ORDERED** that the Renewed Motion (Doc. 70) is **GRANTED**. Pursuant to 18 U.S.C. § 3771(d)(2), the United States shall follow the following procedure, at a minimum,[5] for providing crime victim notification required by 18 U.S.C. § 3771(a)(2):

---

[5] Nothing in this Order prohibits the Government from providing additional notice to crime victims.

(1) With respect to victims who are known and, as of the date of this Order, for whom the Government has a valid email address: as soon as practicable, but no later than August 10, 2026, the Government shall send an email that

    a.  advises victims of their rights under the Crime Victims' Rights Act,

    b.  directs victims to https://www.justice.gov/usao-mdfl/goliath_ventures to receive all notices of future hearings in this case, and

    c.  contains a phone number or email address that the victim can contact to receive additional information about the case and provide additional contact information.

(2) With respect to victims who are currently known but, as of the date of this Order, for whom the Government has only a postal address: as soon as practicable, but no later than August 10, 2026, the Government shall send a physical letter that

    a.  advises victims of their rights under the Crime Victims' Rights Act,

    b.  directs victims to https://www.justice.gov/usao-mdfl/goliath_ventures to receive all notices of future hearings in this case, and

    c.  contains a phone number or email address that the victim can contact to receive additional information about the case and provide additional contact information.

(3) With respect to victims who are unknown as of the date of this Order, or who are known but for whom the Government has neither a valid email address or postal address: as soon as practicable, but within 14 days after a valid email address or postal address is identified or by August 10, 2026, whichever is later, send an email or physical letter that,

   a. advises victims of their rights under the Crime Victims' Rights Act,

   b. directs victims to https://www.justice.gov/usao-mdfl/goliath_ventures to receive all notices of future hearings in this case, and

   c. contains a phone number or email address that the victim can contact to receive additional information about the case and provide additional contact information.

(4) The Government shall input victim information into the VNS system as quickly as practicable so that victims can be notified directly.

(5) The Government shall file monthly status updates, beginning August 17, 2026, that advise the Court of the following: (1) the number of victims identified to date, (2) the number of victims who have been sent the required notifications above and the method of that notification, (3) the number of victims who have been identified, but for whom no notice has been sent, and (4) the status of the Government's efforts to input victim information into VNS.

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

6