**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:26-cr-158-GAP-NWH**

**CHRISTOPHER ALEXANDER DELGADO**

**UNITED STATES' MOTION FOR AN ORDER OF FORFEITURE AND A PRELIMINARY ORDER OF FORFEITURE FOR DIRECT AND SUBSTITUTE ASSET**

The United States of America moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(b)(2), and Christopher Alexander Delgado's Plea Agreement, for at least $250 million,[1] which represents the proceeds Delgado obtained from the wire fraud scheme charged in Counts One and Two, to which he pleaded guilty, and the following traceable asset, which was derived in part from proceeds of those counts:

> The real property located at 2142 Country Side Drive, Apopka, Florida 32712 **(approximately $89,949.53 in proceeds was used to pay the mortgage on this property)**, titled in the name of Christopher Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lot 67, Countryside Heights, First Addition, according to the plat thereof, as recorded in Plat Book 17, Page 31, of the Public Records of Orange County, Florida.
>
> Property Identification Number: 31-20-28-1802-00-670.

---

[1] Delgado admitted he obtained at least $250 million in proceeds as a result of the wire fraud conspiracy and substantive wire fraud offense. Doc. 52 at 8-9. The United States is working to determine the exact amount Delgado obtained, which is likely much higher, and will amend this motion as appropriate before sentencing.

The United also States of America moves this Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), for a preliminary order of forfeiture for the equity in the Country Side Property not traceable to proceeds as a substitute asset, in partial satisfaction of Delgado's order of forfeiture.

In support, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Statement of Facts

#### A. Allegations Against the Defendant

1. Delgado was charged in an Information with wire fraud conspiracy, in violation of 18 U.S.C. § 1349. Doc. 49.

2. The Information also contained forfeiture allegations putting him on notice that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek at least $250 million, which represents the proceeds Delgado obtained from the wire fraud scheme charged in Counts One and Two, and the Country Side Property as well as other assets.[2] *Id.* at 7-20.

[2] The other real properties identified in the Plea Agreement as well as the vehicles with sufficient equity have been forfeited in the related civil forfeiture case. *United States v. Assets Identified in Paragraph One of Verified Complaint*, Case No. 6:26-cv-1134-AGM-LHP, Docs. 70 & 82. The United States and defense counsel are exploring options for maximizing the sale price of the personal property, which might be a consent interlocutory sale. As a result, the personal property is not included in this motion.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. Delgado pleaded guilty to Count One of the Information. Docs. 63, 67. The Court accepted his plea and adjudicated him guilty. Doc. 72.

4. In his Plea Agreement, Delgado admitted he obtained at least $250 million in proceeds as a result of the wire fraud conspiracy and substantive wire fraud offense. Doc. 52 at 8-9.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Delgado agreed to forfeit all assets, including at least $250 million in proceeds he obtained as the result of the wire fraud conspiracy and substantive wire fraud offense as well as the Country Side Property as a direct and substitute asset. Doc. 52 at 8-9, 21. He also agreed that the order of forfeiture would be final as to him when entered. *Id.* at 22.

## II. Applicable Law

### A. Forfeiture Statutes

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. §§ 1343 or 1349 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. §§ 1343 and 1349. Under 28 U.S.C. § 2461(c), the United States is

authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

**B. Order of Forfeiture**

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the United States cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Rule 32.2(b)(1) provides that, when the United States seeks an order of forfeiture for proceeds, the court must determine the amount of money that the defendant will be ordered to pay.

Here, Delgado has admitted that he has dissipated most of the criminal proceeds he obtained as the result of the wire fraud conspiracy to which he pled guilty. Doc. 52 at 21. Because the United States could not locate all the proceeds of his wire fraud, it seeks a $250 million order of forfeiture against him, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As Delgado has agreed, $250 million represents the minimum amount of proceeds he obtained from the wire fraud charged in Counts One and Two. If the Court finds that Delgado obtained at least $250 million in proceeds from in the wire fraud, and that Delgado has dissipated those funds, then it is appropriate for the Court to enter an order of forfeiture against him in that amount pursuant to Rule 32.2(b)(2).

**C. Direct Asset**

Rule 32.2(b)(1) provides that, when the United States seeks to forfeit specific property, the court must determine whether the United States has established the requisite nexus between the property and the defendant's crimes. Fed. R. Crim. P. 32.2(b)(1). As Delgado has agreed, the Country Side Property, constitutes or was derived from proceeds of those counts, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**D. Substitute Asset**

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which provides that if property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant, up to the value of the forfeiture judgment. *See* 21 U.S.C. § 853(p)(1)-(2).

In addition, Rule 32.2(e)(1)(B) provides that on the United States' motion, the court may at any time enter an order of forfeiture to include property that is substitute property that qualifies for forfeiture under an applicable statute. Unlike other types of forfeiture under section 853, there is no nexus or tracing requirement for the forfeiture of substitute property under section 853(p). *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that

any property of the defendant may be forfeited as a substitute asset and that courts could not carve out exceptions to the statute). Any of a defendant's property having less than or equal value to forfeitable property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived from those proceeds. *See United States v. Reed*, 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendants name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute assets).

**E. Court's Determination of Forfeiture**

Federal Rule of Criminal Procedure 32.2(b)(1) requires that as soon as practical after a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. If the United States seeks a personal judgment, the Court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A). When the United States seeks forfeiture of specific assets, the Court must determine whether the government has established the requisite nexus between the property and the offenses. *Id.*

Here, the United States is seeking at least $250 million in proceeds and forfeiture of the Country Side Property as a direct and substitute asset. The facts in the Plea Agreement establish that Delgado obtained at least $250 million into bank and cryptocurrency accounts as part of the Goliath fraud and that he used at approximately $89,949.53 of those proceeds to pay the mortgage on the Country Side Property

## III. Conclusion

For the above reasons, the United States requests that, under 18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court enter (1) at least $250 million order of forfeiture against Delgado, for which he will be liable; (2) and a preliminary order of forfeiture for the Country Side Property as a direct asset, subject to the provisions of 21 U.S.C. § 853(n); and (3) a preliminary order of forfeiture for the Country Side Property as a substitute asset, under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), in satisfaction of Delgado's order of forfeiture. The net proceeds from the forfeiture of the Country Side Property will be credited towards the satisfaction of the order of forfeiture.

The United States further requests that, because Delgado dissipated most of the proceeds, the United States may seek, as a substitute asset, under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of his property necessary to satisfy the balance remaining on the order of forfeiture for proceeds.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Lastly, the United States requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further

order necessary for the forfeiture and disposition of such property, and to order the forfeiture of substitute assets.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov

*s/Blain A. Goff*
BLAIN A. GOFF
Assistant United States Attorney
Florida Bar Number 0109467
(813) 274-6000 – telephone
E-mail: blain.goff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney